```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
_____
                              :
LARRY DALE JOHNSON,           :
                              :    Civil Action No. 12-2544 (RMB)
           Petitioner,        :
                              :
      v.                      :              ORDER
                              :
DONNA ZICKEFOOSE,             :
                              :
           Respondent.        :
_____:
```

For the reasons expressed in the Opinion filed herewith,

IT IS on this **8th** day of **January 2014**,

**ORDERED** that the Clerk shall commence four new matters for Petitioner; and it is further

**ORDERED** that the first such matter shall designate, as "Cause," "28:2241 Petition for Writ of Habeas Corpus (federal)" and as "Nature of Suit" "530 Habeas Corpus (General)," while preserving "LARRY DALE JOHNSON" as "Petitioner" and designating "DEVENS OFFICIALS" as Respondents; and it is further

**ORDERED** that the second such matter shall designate, as "Cause," "28:2241 Petition for Writ of Habeas Corpus (federal)" and as "Nature of Suit" "530 Habeas Corpus (General)," while preserving "LARRY DALE JOHNSON" as "Petitioner" and designating "BOP OFFICIALS WHO CONDUCTED SENTENCE CALCULATION" as Respondents; and it is further

**ORDERED** that the third such matter shall designate, as "Cause," "28:2241 Petition for Writ of Habeas Corpus (federal)"

and as "Nature of Suit" "530 Habeas Corpus (General)," while preserving "LARRY DALE JOHNSON" as "Petitioner" and designating "FORT DIX OFFICIALS WHO IMPOSED DISCIPLINARY SANCTIONS" as Respondents; and it is further

**ORDERED** that the fourth such matter shall designate, as "Cause," "28:2241 Petition for Writ of Habeas Corpus (federal)" and as "Nature of Suit" "530 Habeas Corpus (General)," while preserving "LARRY DALE JOHNSON" as "Petitioner" and designating "BOP OFFICIALS WHO ALLEGEDLY DENIED RDAP ENROLLMENT" as Respondents; and it is further

**ORDERED** that Petitioner is granted in forma pauperis status for the purposes of the above-listed four new matters; and it is further

**ORDERED** that the Clerk shall docket this Order and the Opinion filed herewith in each of the above-listed four new matters; and it is further

**ORDERED** that the Clerk shall docket the Petition (docketed in this matter as Docket Entry No. 1) in the second and third of the above-listed four new matters, accompanying each such docket entry by the docket text reading, "Petitioner's pleading"; and it is further

**ORDERED** that the Clerk shall docket Petitioner's submission docketed in this matter as Docket Entry No. 25 in the first of the above-listed four new matters, accompanying that docket entry

2

by the docket text reading "Petitioner's pleading"; and it is further

**ORDERED** that the Clerk shall docket Petitioner's submission docketed in this matter as Docket Entry No. 31 in the fourth of the above-listed four new matters, accompanying that docket entry by the docket text reading "Petitioner's pleading"; and it is further

**ORDERED** that this matter is reserved for: (a) those Petitioner's challenges raised in his Petition that asserted the Fort Dix officials' failure to conduct his preliminary evaluation; and (b) those Petitioner's challenges, if such were implied in his post-pleading submission docketed as Docket Entry No. 30 that asserted a violation of his rights by the Fort Dix officials who made a preliminary recommendation of Petitioner's placement in a half-way house for 150-to-180 days; and it is further

**ORDERED** that Petitioner's challenges reserved in this matter are dismissed as moot or, in the alternative, as for lack of merit; and it is further

**ORDERED** that all Petitioner's other applications pending as of the date of the entry of this Order are dismissed, either as moot or for lack of merit; and it is further

**ORDERED** that the Clerk shall close the file on this matter by making a new and separate entry on the docket reading, "CIVIL

CASE CLOSED.  PETITIONER'S CLAIMS ARE MOOT AND/OR WITHOUT MERIT"; and it is further

**ORDERED** that the Clerk shall terminate the second, third and fourth of the four new matters commenced for Petitioner; and it is further

**ORDERED** that the Clerk shall make a new and separate entry on the docket of the second matter (of the four new matters commenced for Petitioner).  Such new entry shall read, "CIVIL CASE IS CLOSED.  THIS MATTER IS RESERVED FOR PETITIONER'S JAIL-CREDIT CHALLENGES LATER PARAPHRASED AS ADJUSTMENT-OF-SENTENCE CHALLENGES.  THESE CHALLENGES ARE DISMISSED FOR LACK OF MERIT"; and it is further

**ORDERED** that the Clerk shall make a new and separate entry on the docket of the third matter (of the four new matters commenced for Petitioner).  Such new entry shall read, "CIVIL CASE IS CLOSED.  THIS MATTER IS RESERVED FOR PETITIONER'S CHALLENGES TO HIS DISCIPLINARY SANCTIONS.  THESE CHALLENGES ARE DISMISSED FOR LACK OF MERIT"; and it is further

**ORDERED** that the Clerk shall make a new and separate entry on the docket of the fourth matter (of the four new matters commenced for Petitioner).  Such new entry shall read, "CIVIL CASE IS ADMINISTRATIVELY TERMINATED SUBJECT TO REOPENING IN THE EVENT PETITIONER SUBMITS AN APPROPRIATE AND TIMELY WRITTEN

STATEMENT AS TO HIS ELIGIBILITY FOR AND DENIAL OF RDAP ENROLLMENT"; and it is further

**ORDERED** that, in the event Petitioner: (a) had suffered a qualifying pre-conviction drug/alcohol dependency; and (b) sought a RDAP enrollment on the basis of that dependency but had his application for enrollment denied; and (c) duly exhausted his administrative remedies as to said denial, Petitioner shall file, within thirty days from the date of entry of this Order, a written statement clarifying Petitioner's RDAP claims. Such written statement shall be filed in the fourth of the four new matters opened for Petitioner, and be limited solely to his facts, free of legal conclusions and expressions of displeasure, as well as of any facts irrelevant to these three aspects; and it is further

**ORDERED** that the Clerk shall designate "KRISTIN LYNN VASSALLO, Esq. (kristin.vassallo@usdoj.gov)" and "MICHAEL E. CAMPION, Esq. (michael.campion@usdoj.gov)" of the Office of the U.S. Attorney for the District of New Jersey as counsel for Respondents designated in all four new matters commenced for Petitioner; and it is further

**ORDERED** that, within thirty days from the date of entry of this Order, Respondents in the first matter (of the four new matters commenced for Petitioner) shall file with the Court their position statement as to the transfer of that matter to the

5

United States District Court for the District of Massachusetts or, in the event Petitioner is transferred to a half-way house during these thirty days, Respondents shall inform this Court of the same in writing, within five days of the transfer; and it is further

**ORDERED** that, within thirty days from the date of entry of this Order, Petitioner shall file in the first matter (of the four new matters commenced for Petitioner) his written statement: (a) detailing his administrative exhaustion of the claims raised against his Massachusetts officials; or (b) showing cause as to why the exhaustion requirement shall be excused; and it is further

**ORDERED** that the Clerk shall serve this Order and the Opinion filed herewith upon Respondent by means of electronic delivery; and it is finally

**ORDERED** that the Clerk shall serve this Order and the Opinion filed herewith upon Petitioner by regular U.S. mail and enclose in said mailing copies of the docket sheets of all four new matters commenced for Petitioner.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
